

# THE ATTORNEY GENERAL
## OF TEXAS

RQ 944

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 23, 1975

The Honorable Forrest Smith
Chairman
Texas Youth Council
Sam Houston State Office Building
201 East 14th Street
Austin, Texas   78701

Opinion No. H- 615

Re: Whether various public
agencies may disseminate
information on juveniles to a
private data bank.

Dear Chairman Smith:

You have requested our opinion regarding whether various public
agencies may disseminate information on juveniles to a private data bank.

Pursuant to this request, you submit for our inspection an "Automated
Interagency Information Management System Memorandum of Agreement, "
whereby a number of public entities in Dallas County propose to become
"sponsors" of an Automated Interagency Information Management System
(hereinafter referred to as AIIMS), whose purpose is to "provide information
to facilitate research, planning and outreach programs directed at reducing
and preventing juvenile delinquency in the community of West Dallas. "
"Overall fiscal and administrative management" will be performed by a
private agency known as Common  Concern until June 30, 1975, when
these responsibilities will be assumed by a "Steering  Committee" composed
of the representatives of the parties to the agreement and "associated
agencies, institutions and interested parties. " The original sponsors, in
addition to Common Concern, include the Dallas Police Department, the
Dallas Independent School District, the Dallas Juvenile Courts Division,
and the Urban Planning  Department of the City of Dallas.

Under the terms of the Agreement, each sponsor will provide
information on juveniles to AIIMS, including both individual and aggregate
data.  As to the individual data, the Agreement provides:

> All information shall be classified and maintained
> in the data bank in such a manner that any individual
> can neither be identified nor traced nor profiled by
> any reasonable person.

The Dallas Police Department agrees to provide information regarding each arrest made of a juvenile in the target area, including race, sex, place of birth, date of birth, and a variety of other data relating to the juvenile's arrest and the ultimate disposition of his case. The individual's name is not supplied, but his file is tagged with an "identification number" for the internal use of the Police Department. His current address is furnished only as a "Mapsco code number."

The Dallas Independent School District will submit information about each student enrolled in a school in the target area, including name of school, as well as the juvenile's race, sex, place of birth, date of birth, and other data relating to school performance and family background. Again, the individual's name is omitted, but his file contains an "identification number" used by the School District. His current address is represented only as a "Mapsco code number."

The Dallas County Juvenile Courts Division is to furnish information as to race, sex, place of birth, date of birth, and a variety of other data regarding the referral of an individual to the juvenile courts division, including any involvement with drugs. The juvenile's name is not supplied, but his file is tagged with a "county identification number" for the internal use of the Juvenile Courts Division.

The Urban Planning Department of the City of Dallas will furnish "relevant demographic data concerning the target area." In addition to the information regarding individual juveniles, the School District and the Juvenile Courts Division also agree to submit data in aggregate form.

Section 51.14 of the Family Code provides, in pertinent part:

> (a) All files and records of a juvenile court, a clerk of court, or a prosecuting attorney relating to a child who is a party to a proceeding under this title are open to inspection only by:
>
> (1) the judge, probation officers, and professional staff or consultants of the juvenile court;
>
> (2) an attorney for a party to the proceeding;
>
> (3) a public or private agency or institution providing supervision of the child by arrangement of the juvenile court, or having custody of the child under juvenile court order; or

(4) with leave of juvenile court, any other person, agency, or institution having a legitimate interest in the proceeding or in the work of the court.

. . .

(c) Law-enforcement files and records concerning a child shall be kept separate from files and records of arrests of adults and shall be maintained on a local basis only and not sent to a central state or federal depository.

(d) Except for files and records relating to a charge for which a child is transferred under Section 54.02 of this code to a criminal court for prosecution, the law-enforcement files and records are not open to public inspection nor may their contents be disclosed to the public, but inspection of the files and records is permitted by:

(1) a juvenile court having the child before it in any proceeding;

(2) an attorney for a party to the proceeding; and

(3) law-enforcement officers when necessary for the discharge of their official duties.

Section 51.14 sets strictly circumscribed limits to the authority of a juvenile court or a law enforcement agency to permit access of the files and records of individual juveniles. As we recently held in Attorney General Opinion No. H-529 (1975):

Section 51.14 is designed to preserve the traditional confidentiality of files and records concerning juvenile proceedings. . . . However, general statistical data which provides no real opportunity for identification of the juvenile offender in no way threatens such confidentiality. We therefore construe the language "records", "relating to child" or "concerning a child" as contained in section 51.14 to include only those records which furnish a basis for the identification of the child.

We have been advised that individual AIIMS sponsors will not be granted access to any information in the data bank regarding particular juveniles. Only "general statistical data, which provides no real opportunity for the identification of the juvenile offender," will be available to the sponsors. Thus, the AIIMS Agreement appears to meet that standard of confidentiality which we held in Opinion No. H-529 to be required of juvenile courts and law enforcement agencies by section 51.14.

A similar standard of confidentiality is required of school districts receiving federal funds by the Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g, which prohibits "the release of personally identifiable records or files (or personal information contained therein) of students without the written consent of their parents." It is thus our opinion that the Dallas Police Department, the Dallas Independent School District, and the Dallas County Juvenile Courts Division may each furnish to AIIMS the information contemplated under the Agreement, so long as such data, whether considered separately or collectively, does not provide a basis for the identification of any individual juvenile.

## SUMMARY

The Dallas Police Department, the Dallas Independent School District, and the Dallas County Juvenile Courts Division may disseminate particular information on juveniles to a private data bank so long as the information does not reasonably furnish the basis for the identification of individual juveniles.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb